# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. SHARP, CDCR #K-41609,<br><br>         Plaintiff,<br><br>vs.<br><br>DIANNE JACOB, et al.,<br><br>         Defendants. | Case No.: 3:18cv00737-MMA-WVG<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g);**<br><br>**[Doc. No. 2]**<br><br>**DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

  ANTHONY A. SHARP ("Plaintiff"), a prisoner incarcerated at the Correctional Training Facility in Soledad, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on April 16, 2018. *See* Compl., Doc. No. 1.

  Plaintiff claims San Diego County Supervisor Dianne Jacob and several unidentified San Diego Blood Bank officials violated his right to "life, liberty & happiness" and imposed cruel and unusual punishment upon him by falsely informing him he was HIV positive in 1982, 1983, and/or 1984. *Id.* at 2-3.

1

Plaintiff did not prepay the filing fee required to commence a civil action at the time he filed his Complaint; instead, he has filed a Motion for Leave to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

## I. Motion to Proceed IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face … additional hurdle[s]." *Id.*

Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B. <u>Discussion</u>

As an initial matter, the Court has reviewed Plaintiff's Complaint, and finds it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as described above, Plaintiff's claims to have been falsely informed by unidentified San Diego Blood Bank officials that he had been infected with HIV in the early 1980's, and as a result, has lived in fear and suffered considerable physical and emotional turmoil. *See* ECF No. 1 at 4, 5; ECF No. 5 at 1. Even so, these events occurred 35 years ago, before he was incarcerated, and are plainly insufficient to plausibly show any ongoing or "imminent danger of serious physical injury" at the time he elected to file this case, more than three decades later. *See id.; see also Thomas v. Ellis*, No. 12-CV-05563-CW (PR), 2015 WL 859071, at *3 (N.D. Cal. Feb. 26, 2015) (finding no

3

"imminent danger" where prisoner's injuries occurred before incarceration). Section § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm. *See Cervantes*, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999); *Tierney v. Judd*, No. CIV. 13-00174 HG-RLP, 2013 WL 1668961, at *1 (D. Haw. Apr. 17, 2013).

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Therefore, this Court finds that Plaintiff Anthony A. Sharp, identified as CDCR #K-41609, while incarcerated, has had at least four prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

///

///

4

They are:

1) *Sharp v. Cal. State Prison Corcoran Medical Staff, et al.*, Civil Case No. 1:99-cv-05550-OWW-DLB (E.D. Cal., Oct. 25, 1999 Order Dismissing Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A with leave to amend) (Doc. No. 7); (E.D. Cal. Feb. 16, 2000 Findings and Recommendations ["F&R"] to Dismiss for failure to obey court Order to amend) (Doc. No. 9); and (E.D. Cal. March 24, 2000 Order Adopting F&R and Dismissing Case) (Doc. No. 10) (strike one);[1]

2) *Sharp v. County of San Diego, et al.*, Civil Case No. 3:99-cv-01685-J-AJB (S.D. Cal., April 4, 2000 Report and Recommendation ["R&R"] Regarding Defendants' Motion to Dismiss Plaintiff's claims as time-barred pursuant to Fed. R. Civ. P. 12(b)(6)) (Doc. No. 24); (S.D. Cal. May 23, 2000 Order Adopting R&R and Dismissing First Amended Complaint with prejudice) (Doc. No. 29) (strike two);[2]

3) *Sharp v. Mueller, et al.,* Civil Case No. 2:03-cv-01354-EJG-DAD (E.D. Cal., August 19, 2003 F&R to Dismiss Amended Complaint for Failing to State a Claim pursuant to 28 U.S.C. § 1915A) (Doc. No. 10); (Sept. 5, 2003 Order Adopting F&R and Dismissing Action with prejudice for failure to state a claim upon which relief can be granted) (Doc. No. 12) (strike three); and

///

---

[1] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

[2] *See Belanus v. Clark*, 796 F.3d 1021, 1053 (9th Cir. 2007) (dismissals for failure to state a claim because claims were time-barred may be counted as strikes pursuant to 28 U.S.C. § 1915(g)).

4) *Sharp v. Mims, et al.,* Civil Case No. 2:13-cv-00534-AWI-BAM (E.D. Cal., May 23, 2014 F&R to dismiss action for failure to state a cognizable section 1983 claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A) (Doc. No. 23); (July 1, 2014 Order Adopting F&R Regarding Dismissal of Action for Failure to State a Claim) (Doc. No. 25) (strike four).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[3]

## II. Conclusion and Orders

For the reasons explained, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (Doc. No. 2) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See*

---

[3] In fact, Plaintiff has been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in the Southern District of California before. *See Sharp v. Duffy*, S. D. Cal. Civil Case No. 3:07-cv-00161-LAB-LSP (March 5, 2007 Order) (Doc. No. 3); *Sharp v. Dumanis*, et al., S.D. Cal. Civil Case No. 3:17-cv-02460-BAS-NLS (Jan. 5, 2018 Order) (Doc. No. 5).

1 | *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

DATE: May 29, 2018

_/s/ Michael M. Anello_
HON. MICHAEL M. ANELLO
United States District Judge